UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LARRY PRESSNALL, | Case No. 6:15-cv-01642-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| STATE OF OREGON; OREGON STATE HOSPITAL; OREGON HEALTH AUTHORITY; DEPARTMENT OF HUMAN SERVICES; GREG ROBERTS, an individual; LUZ BARELA-BORST, an individual, | |
| Defendants. | |

AIKEN, Judge:

Plaintiff filed suit alleging wage and hour violations under the Fair Labor Standards Act (FLSA), discrimination and retaliation under Title VII of the Civil Rights Act of 1964, and related state law claims. Defendants move to dismiss all claims, except plaintiff's Title VII claim, on grounds of Eleventh Amendment immunity. The motion is granted.

DISCUSSION

Defendants argue that the Eleventh Amendment bars plaintiff from bringing his FLSA and state law claims in federal court. Defendants also argue that plaintiff's claims against the individual defendants must be dismissed for lack of service.

1  - OPINION AND ORDER

The Eleventh Amendment to the United States Constitution prohibits a plaintiff from suing the State of Oregon or its instrumentalities in federal court, unless the State has given unequivocal consent to be sued or Congress has abrogated that immunity. *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 540-542 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-100 (1984). Similarly, the Eleventh Amendment bars claims for damages against state officials sued in their official capacities. *See Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010) (for immunity purposes, suits against state officials in their official capacities are treated as suits against the state); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies.") (per curiam).

Plaintiff concedes that his FLSA claim is barred by the Eleventh Amendment. *Quillin v. State*, 127 F.3d 1136, 1139 (9th Cir. 1997) ("Federal courts lack jurisdiction over FLSA cases brought against States in the absence of a waiver of immunity.") (per curiam). However, plaintiff is "unable to consent to dismissal of the remaining claims." Pl.'s Response at 1-2. Notably, plaintiff fails to explain why the Eleventh Amendment does not prohibit his state law claims against the State and its agencies from being brought in federal court. Rather, plaintiff asks that the court deny defendants' motion to dismiss his claims against the individual defendants for lack of service and requests that the court extend the time in which plaintiff may serve these defendants. Pl.'s Suppl. Response at 1-2; Pl.'s Motion to Extend Deadline.

The Eleventh Amendment bar, rather than the lack of service, is the threshold issue before the court, and plaintiff fails to explain why his state law claims against the individual defendants should be allowed to proceed. In his complaint, plaintiff alleges that defendants

Roberts and Barela-Borst "aided and abetted" the State agencies' discriminatory treatment of him. However, plaintiff does not allege any action taken by Roberts or Barela-Borst outside of their official capacities. Compl. at 7, 8, 18. Accordingly, plaintiff's claims against the individual defendants are claims brought against the State and likewise are barred by the Eleventh Amendment. *Will*, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citation omitted); *see also* Or. Rev. Stat. § 30.265.

Regardless, the court would decline to exercise supplemental jurisdiction over the state law claims against the individual defendants, given the dismissal of plaintiff's state law claims against the State defendants. See 28 U.S.C. § 1367(c) (the court may decline supplemental jurisdiction for compelling reasons).

## CONCLUSION

Defendants' Motion to Dismiss (doc. 18) is GRANTED. Except for plaintiff's Title VII claim against his employer, Oregon State Hospital, plaintiff's claims are DISMISSED without prejudice. Plaintiff's Motion to Extend Deadline (doc. 26) is DENIED as moot.

IT IS SO ORDERED.

Dated this 23rd day of February, 2016.

_____
Ann Aiken
United States District Judge

3   - OPINION AND ORDER